UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————————X

DAWSON COLEMAN, *pro se*,


                              Plaintiff,                    **ORDER OF PARTIAL**
                                                            **DISMISSAL**
                -against-                                   **08-CV-5276 (DLI)(LB)**

CITY OF NEW YORK; POLICE OFFICER BRETT
M. RASO, #22183; POLICE TOUR COMMANDER
JOHN DOE; DEPT. OF PROBATION, KINGS
COUNTY; DEPARTMENT OF CORRECTIONS;
N.Y.S. DEPARTMENT OF MOTORS VEHICLES;
HON. CHARLES J. HYNES (D.A. KINGS CO.);
A.D.A. CHRISTOPHER DYLEWSKI,
in their individual and official capacities,

                              Defendants.

—————————————————————————X

**DORA L. IRIZARRY,  United States District Judge:**

        Plaintiff filed the instant *pro se* action pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C.

§ 1983.  For the reasons set forth below, plaintiff's request to proceed *in forma pauperis* pursuant

to 28 U.S.C. § 1915 is granted. Plaintiff's claims against defendants New York City Department of

Probation, New York City Department of Corrections, New York State Department of Motor

Vehicles, Charles J. Hynes, District Attorney of Kings County, and Assistant District Attorney

Christopher Dylewski are dismissed.  Plaintiff's remaining claims will proceed.

—————————————————————**BACKGROUND**

        Plaintiff alleges that, on September 24, 1998, he was arrested for failure to appear or answer

121 outstanding traffic summonses.  (Compl. at 6.)  On January 7, 1999, plaintiff pled guilty to the

charges and received a thirty-day jail sentence.  Id.  Plaintiff further alleges that, on September 30,

2005, he was arrested by defendant Police Officer Brett M. Raso, for the same charges he already

had pled guilty to, and for which he had served a jail sentence.  Upon plaintiff's re-arrest, he was

remanded to the New York City Department of Corrections.  Plaintiff claims that, on September 11,

2007, the criminal charges were dismissed.  (Compl. Ex. 6.)  Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the court is mindful that the submissions of a *pro se*

litigant should be held "to less stringent standards than formal pleadings drafted by lawyers."

Hughes v. Rowe, 449 U.S. 5, 9 (1980).  However, a district court shall dismiss an *in forma pauperis*

action when it is satisfied that the action is:  "(i) frivolous or malicious; (ii) fails to state a claim on

which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief."  28 U.S.C. § 1915 (e)(2)(B).  An action is "frivolous" when either: (1) "'the factual

contentions are clearly baseless,' such as when allegations are the product of delusion of fantasy,"

or (2) "the claim is 'based on an undisputedly meritless legal theory.'"  Livingston v. Adirondack

Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998).

## DISCUSSION

### I.  Malicious Prosecution

Claims for  malicious prosecution brought under § 1983 to vindicate the Fourth and

Fourteenth Amendment right to be free from unreasonable seizures are substantially the same as

claims for malicious prosecution under New York state law.  See Jocks v. Tavernier, 316 F.3d 128,

134 (2d Cir. 2003).  To state a claim for malicious prosecution under New York law, a plaintiff must

show:  (1) the defendant initiated a criminal proceeding; (2) the proceeding terminated in plaintiff's

favor; (3) there was no probable cause for the criminal charge; and (4) the defendant acted

maliciously.  See, e.g., Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004); Rohman v. N.Y. City

Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000).  For a malicious prosecution claim to rise to the

level of a constitutional violation, there must also be post-arraignment seizure.  Jocks, 316 F.3d at

136.  At this juncture, plaintiff has set forth sufficient factual allegations to allow the malicious

prosecution claim to proceed, but only as to the individual police officer defendants.

**II.      New York City Department of Corrections and New York City Department of Probation**

The New York City Charter states that "[a]ll actions and proceedings for the recovery of

penalties for the violation of any law shall be brought in the name of the city of New York and not

in that of any agency, except where otherwise provided by law."  N.Y.C. Admin. Code & Charter

Ch. 16 § 396.  The New York City Department of Corrections and the New York City Department

of Probation, as agencies of the city, are non-suable entities.  Flemming v. City of New York, 02-

CV-6613,  2006 WL 898081, at *5 (E.D.N.Y Mar. 31, 2006); Bodie v. Morgenthau, 342 F. Supp.

2d 1933 (S.D.N.Y. 2004); Hernandez v. New York City Dept. of Corr., 01-CV-10936, 2003 WL

542116, at *3 (S.D.N.Y. Feb. 18, 2003).  Accordingly, plaintiff's claims against these defendants

are dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

**III.     New York State Department of Motor Vehicles**

Plaintiff alleges that the New York State Department of Motor Vehicles ("DMV") failed to

maintain accurate records.  However, plaintiff's claim against the DMV is barred by the Eleventh

Amendment.  The Eleventh Amendment bars federal court claims against states, absent their consent

to such suit or an express statutory waiver of immunity.  See Will v. Mich. Dep't of State Police, 491

U.S. 58, 66 (1989); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984).  The

Eleventh Amendment bar extends to agencies and officials sued in their official capacities. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The DMV is a state entity for purposes of Eleventh Amendment immunity. See e.g., O'Diah v. New York City, 02-CV-274, 2002 WL 1941179, at *5-6 (S.D.N.Y. Aug. 21, 2002). Accordingly, plaintiff's claims against the New York State Department of Motor Vehicles is dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

## IV. Charles Hynes and Christopher Dylewski

Plaintiff's claims against Kings County District Attorney Charles Hynes and Assistant District Attorney Christopher Dylewski are also dismissed. Prosecutors enjoy absolute immunity from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Doe v. Phillips, 81 F.3d 1204 (2d Cir. 1996). As the Second Circuit has held, "[b]ecause the immunity attaches to the official prosecutorial function . . . and because the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions . . . the prosecutor has absolute immunity for the initiation and conduct of a prosecution 'unless [he] proceeds in the clear absence of all jurisdiction.'" Shmueli v. City of New York, 424 F.3d. 231, 237 (2d Cir. 2005) (quoting Barr v. Abrams, 810 F.2d 358, 361 (2d Cir.1987) (citations omitted); see also Buckley v. Fitzsimmons, 509 U.S. 259, 274 n.5 (1993) (acknowledging that absolute immunity shields "prosecutor's decision to bring an indictment, whether he has probable cause or not"); Pinaud v. County of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995) (holding district attorneys absolutely immune from claim for malicious prosecution and presentation of false evidence to the grand jury). Thus, because plaintiff's claims against defendants Charles Hynes and Christopher Dylewski pertain to the initiation of the criminal proceedings against

4

plaintiff, these defendants are immune from suit.  28 U.S.C. § 1915 (e)(2)(B)(iii).

## CONCLUSION

Accordingly, it is hereby:

ORDERED that plaintiff's claims against the New York City Department of Probation, the New York City Department of Corrections; the New York State Department of Motor Vehicles, Kings County District Attorney Charles J. Hynes, and Kings County Assistant District Attorney Christopher Dylewski are dismissed.  See 28 U.S.C.§ 1915(e)(2)(b).  No summons shall issue as to these defendants.  It is further hereby

ORDERED that the United States Marshals Service is directed to serve the summons and complaint upon Police Officer Brett M. Raso Shield #22183 without prepayment of fees; and it is further

ORDERED that a courtesy copy of the summons, complaint, and this order shall be served upon the Corporation Counsel for the City of New York; and it is further

ORDERED that the case is referred to United States Magistrate Judge Lois Bloom for all further pretrial proceedings.

SO ORDERED.

Dated: Brooklyn, New York
       April 1, 2009

/s/
_____
DORA L. IRIZARRY
United States District Judge
