```
UNITED STATES DISTRICT COURT            FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ X
                                        :
DAWSON COLEMAN,                         :
                                        :         MEMORANDUM
                        Plaintiff,      :         AND ORDER
                                        :
        - against -                     :
                                        :         08-CV-5276 (JG) (LB)
CITY OF NEW YORK, POLICE                :
OFFICER BRETT M. RASO, #22183,          :
POLICE TOUR COMMANDER JOHN              :
DOE,                                    :
                                        :
                        Defendants.     :
------------------------------------------------------ X
```

A P P E A R A N C E S:

    DAWSON COLEMAN
        928 East 48th Street
        Brooklyn, New York 11203
        Plaintiff, *pro se*

    NEW YORK CITY LAW DEPARTMENT
        100 Church Street
        New York, New York 10007
    By:    Shlomit Aroubas
        *Attorney for Defendants*

JOHN GLEESON, United States District Judge:

        On December 29, 2008, plaintiff Dawson Coleman filed this *pro se* action under 42 U.S.C. § 1983 claiming that defendants, including the City of New York, New York City Department of Probation, New York City Department of Correction, New York State Department of Motor Vehicles, the District Attorney, an Assistant District Attorney and two police officers, arrested and prosecuted him on a charge to which he had previously pled guilty, in violation of his rights under the Fourth, Fifth and Fourteenth Amendments. Specifically,

Coleman alleges his rights to be free from unreasonable search and seizure and double jeopardy, as well as his rights to due process and equal protection under the law, were violated.

On April 1, 2009, Judge Dora L. Irizarry ordered a partial dismissal of Coleman's complaint. Specifically, Judge Irizarry dismissed the claims against the New York City Department of Probation, the New York City Department of Correction, the New York State Department of Motor Vehicles, the District Attorney and the Assistant District Attorney named in the suit. On June 9, 2009, Judge Irizarry recused herself and the case was reassigned to me.

On August 31, 2009,[1] the remaining defendants, the City of New York, Officer Brett M. Raso and police tour commander John Doe, filed a motion to dismiss pursuant to Rule 12(b)(6). Coleman filed his opposition to the defendants' motion on September 23, 2009. I heard oral argument on October 9, 2009. For the reasons set forth below, the defendants' motion to dismiss is granted.

BACKGROUND

The following facts, taken from the plaintiff's complaint and supplemented by him orally at oral argument on the motion, are assumed to be true for the purposes of this motion.

On September 24, 1998, Coleman was arrested and detained on a charge of failure to appear or answer 121 outstanding summonses. On January 7, 1999, Coleman entered a guilty plea to the charge of failing to appear or answer the outstanding summonses and was sentenced to incarceration for thirty days.

On September 30, 2005, at approximately 2:30 P.M., Coleman was stopped by Officer Brett Raso. Coleman was pulling a cart filled with automobile parts and other metal

---

[1] The defendants were instructed to file their motion to dismiss on August 31, 2009. However, due to a filing error by the defendants, the motion was not filed on the electronic case filing system until October 2, 2009. However, the defendants served a copy of the motion to dismiss on the plaintiff on or about August 31, 2009, so the belated filing of the motion caused no prejudice.

2

objects. Raso placed him under arrest, and Coleman was charged with possessing a knife with a blade in excess of four inches, which Raso found inside a bag in the cart. When Raso ran Coleman's name through the system, all the old vehicle and traffic violations appeared, so Coleman was also charged with aggravated failure to answer tickets or pay fines imposed. On October 1, Coleman appeared before a judge, bail was set and he was released on bail several days later.

In January 2006, Coleman filed papers in his criminal proceeding stating that he had previously pled guilty to the same summonses underlying one of the charges against him. Compl. Ex. 4. However, that claim was not adjudicated. Rather, Coleman agreed on March 11, 2007, to resolve both charges against him via an adjournment in contemplation of dismissal pursuant to N.Y. C.P.L. §170.55. The charges were dismissed on September 11, 2007. Compl. Ex. 5.

## DISCUSSION

A. *Motion to Dismiss -- Standard of Review*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'"(quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). Accordingly, I must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*), and "draw all reasonable inferences in favor of the plaintiff." *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995). However, "the tenet that a court must accept as true all of the allegations

3

contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

*Iqbal* offered district courts additional guidance regarding the consideration of motions to dismiss under Rule 12(b)(6). Citing its earlier decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal,* 129 S. Ct. at 1949 (internal citations and quotation marks omitted).

Because Coleman is *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," I must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

When considering a motion to dismiss, a court may examine (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

B.     *Defendants' Motion to Dismiss*

   1.     *All Claims Other than Malicious Prosecution*

The defendants allege that any claim brought by Coleman for false arrest is barred by the three-year statute of limitations. I agree and conclude that the time bar applies to all of Coleman's claims under 42 U.S.C. § 1983 except for his malicious prosecution claim.

Claims brought under 42 U.S.C. § 1983 in federal courts in New York State are subject to a three-year statute of limitations. *Owens v. Okure,* 488 U.S. 235, 250 (1989); *see also Jaghory v. New York State Dep't of Educ.,* 131 F. 3d 326, 331-32 (2d Cir. 1997)("[T]he statute of limitations for a claim under § 1983 that accrued in New York is three years."). Although state law governs the statute of limitations, federal law governs when the cause of action accrues. *Singleton v. New York,* 632 F. 2d 185, 191 (2d Cir. 1980). The Second Circuit has held that § 1983 claims begin to accrue "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)(internal quotation marks omitted).

Coleman alleges that he was arrested without probable cause, falsely imprisoned, deprived of his rights under the Double Jeopardy Clause and deprived of his rights to due process and equal protection. I further construe his allegations to include (1) he was illegally stopped by Raso, as the knife was not visible to Raso and Raso was unaware of the summonses at the time of the stop; (2) the bag containing the knife was illegally searched; and (3) the charged based on the summonses was unsupported by probable cause because the 1999 plea of guilty disposed of these summonses. Coleman also alleges that the City of New York had a policy or custom which caused the deprivation of his rights in violation of § 1983. *See Monell v. Dep't of Soc. Servcs.,* 436 U.S. 658, 690-91 (1978). Coleman knew or had reason to know of the injury upon which

5

this action is based -- that he had been illegally stopped and searched and charged with traffic crimes to which he had already pled guilty -- at the time of his arraignment on October 1, 2005. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (holding that any claim for false arrest or false imprisonment accrues upon the time of arraignment). To the extent they are cognizable at all, his due process and equal protection claims are based entirely on his claim that he was unlawfully stopped and arrested without cause. As Coleman did not file his complaint until December 2008, the three-year statute of limitations bars all of Coleman's claims except for malicious prosecution.[2]

Coleman argues that the limitations periods should not have commenced running until the criminal proceeding against him ended, which would have been in September 2007. "[S]tate tolling rules, like state limitations periods, govern federal actions brought under §1983 except when inconsistent with the federal policy underlying §1983." *Singleton,* 632 F.2d at 191 (citing *Bd. of Regents v. Tomanio,* 446 U.S. 478 (1980)). New York State currently has provisions that allow for tolling when the defendant is absent from a state or residence under a false name or when the plaintiff is "under a disability because of infancy or insanity at the time the cause of action accrues." N.Y. C.P.L.R. §§207, 208. New York law does not provide for tolling during periods of imprisonment or "when a criminal prosecution is pending against the plaintiff." *Singleton*, 632 F.2d at 191.

Without statutory tolling, Coleman is left with his argument that equitable tolling should apply to his case. Equitable tolling is applied in "rare and exceptional circumstances,' where [the court finds] that 'extraordinary circumstances' prevented a party from timely

---

[2] Furthermore, Coleman's claim against the officers and the City of New York for violation of his rights not to be held twice in jeopardy is misplaced. Whether a criminal charge is duplicative of a prior proceeding for double jeopardy purposes is a legal question for the judge in Coleman's criminal case to have determined. The defendants in this action could not have had any personal involvement in subjecting Coleman to a double jeopardy violation and would not be the appropriate defendants in such an action.

performing a required act, and that the party 'acted with reasonable diligence throughout the period he [sought] to toll.'" *Walker v. Jastremski,* 430 F.3d 560, 564 (2d Cir. 2005)(quoting *Doe v. Menefee,* 391 F.3d 147, 159 (2d Cir. 2004)(alteration in original)); *see also Wallace,* 549 U.S. at 396 ("Equitable tolling is a rare remedy to be applied in unusual circumstances."). There were no extraordinary circumstances preventing Coleman from filing this action in a timely fashion. Coleman contends that the existence of his parallel criminal proceeding prevented him from filing this action within the limitations period. However, the Second Circuit has held that in such situations "where the district court feels compelled to abstain [from deciding a § 1983 action]" the district court should "stay [the proceeding], rather than dismiss." *Singleton,* 632 F.2d at 193. Therefore, Coleman still had an obligation to file his complaint in a timely manner. Furthermore, Coleman has not established that he acted at all, let alone with reasonable diligence, to file this action during the limitations period.

Accordingly, all of Coleman's claims except his malicious prosecution claim are time-barred.

    2. *The Malicious Prosecution Claim*

The statute of limitations period for malicious prosecution does not begin to run until the "underlying criminal action is conclusively terminated." *Murphy v. Lynn*, 53 F. 3d 547, 548 (2d Cir. 1995). In this case, the prosecution of Coleman was terminated on September 11, 2007 when the case was dismissed. Compl. Ex. 5. Accordingly, Coleman's claim for malicious prosecution is not time-barred. However, the defendants argue that Coleman has failed to state a claim for malicious prosecution, and I agree.

In order to state a claim for malicious prosecution, a plaintiff must allege: (1) the defendants initiated the proceeding; (2) the proceeding terminated in favor of the plaintiff; (3)

7

there was no probable cause for the proceeding; and (4) the defendants acted with malice. *Rothstein v. Carriere,* 373 F.3d 275, 282 (2d Cir. 2004). In this case, plaintiff accepted an adjournment in contemplation of dismissal in March 2007 with respect to both charges against him. The case was dismissed six months later on September 11, 2007. The Second Circuit has held that an adjournment in contemplation of dismissal is not a termination favorable to the plaintiff "because it leaves open the question of the accused's guilt and allows the state to pursue the criminal prosecution in the interests of justice during the conditional period." *Fulton v. Robinson*, 289 F.3d 188, 196 (2d Cir. 2002)(citations omitted). Accordingly, because Coleman cannot satisfy all of the elements of his malicious prosecution claim, it is hereby dismissed.

## CONCLUSION

Coleman fails to state a claim upon which relief can be granted, and the defendants' motion to dismiss is therefore granted. The Clerk of the Court is respectfully directed to enter judgment for the defendants and close the case.

So Ordered.

John Gleeson, U.S.D.J.

Date: October 20, 2009
Brooklyn, New York